**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

ELMO KIRBY, JR.                                                                 PLAINTIFF

v.                                              No. 4:08CV00338 JLH

UNITED AMERICAN INSURANCE COMPANY;
UA PARTNERS; and WILLIAM W. DRAPER                        DEFENDANTS

**ORDER**

The Court has received the Recommended Disposition from Magistrate Judge Beth Deere. After careful review of the Recommended Disposition, the timely objections received thereto, as well as a *de novo* review of the portions of the record relating to the objections, the Court concludes that the Recommended Disposition should be, and hereby is, approved and adopted as this Court's findings in all respects in its entirety.

Elmo Kirby, Jr., makes two objections to the Recommended Disposition. First, he objects to the proposed finding that there was no breach of the written contract, particularly regarding the purported discounts offered by UA Partners. Secondly, he objects to the holding that the Arkansas Deceptive Trade Practices Act does not apply to this transaction because the transaction is one regulated by the Insurance Commissioner.

As to the first objection, Kirby says that UA Partners "guaranteed a savings of up to forty-five percent (45%)" on hospital charges for UA Partners members, and he says it is undisputed that he received no discounts from any medical care providers, including UAMS. He attached a bill from UAMS. Exhibit 2 to the objections was a description of the UA Partners plan. At page 3 of 5, the document states:

> UA Partners members who participate in the provider network can expect to save an
> average of 20% for physician charges and up to 45% on hospital charges.

On page 5 of 5, the document states that there is a guarantee of 20% savings, but the guarantee applies to physician visits only. Thus, the documents do not show that the UA Partners provider network guaranteed savings of up to 45% on hospital charges as alleged by Kirby in his objections. There was no guarantee as to hospital charges.

As to the second issue, Kirby does not argue the factual question of whether the transaction was governed by the Arkansas Insurance Commissioner. Instead, he disputes the magistrate judge's interpretation of the statute and argues that the language in section 4-88-107(a)(8) of the Arkansas Code authorizes claims against insurers who take advantage of consumers who are unable to protect their interests because of physical infirmity, ignorance, illiteracy, inability to understand the language of the agreement, or a similar factor. That argument disregards section 4-88-101(3) of the Arkansas Code, which provides that the Arkansas Deceptive Trade Practices Act does not apply to transactions permitted under laws administered by the Insurance Commissioner. Because it is undisputed that the transaction was a transaction for health insurance permitted under laws administered by the Insurance Commissioner, the objection is without merit. Furthermore, even if the Arkansas Deceptive Trade Practices Act were to apply, the claim would be barred by the statute of limitations, and Kirby has made no objection to the magistrate judge's finding that the fraud claims are barred by the statute of limitations.

Accordingly, plaintiff's Motion to Strike Answer (Document #110) is denied; and his Motion to Compel (Document #106) is denied as moot. Defendant's Motions to Strike (Documents #117 and #119) are granted, and its Motion for Summary Judgment (Document #93) is granted as to all plaintiff's claims. The case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 15th day of March, 2010.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE